# EXHIBIT 1

## SETTLEMENT AND RELEASE AGREEMENT

THIS SETTLEMENT AND RELEASE AGREEMENT ("Agreement") is made and entered into by Grady Memorial Hospital Corporation d/b/a/ Grady Health System ("Grady") and Clara Williams ("Ms. Williams").

W I T N E S S E T H :

WHEREAS, Ms. Williams is a current employee of Grady; and

WHEREAS, Ms. Williams has filed a lawsuit against Grady in the United States District Court for the Northern District of Georgia, styled *Clara Williams v. Grady Memorial Hospital Corporation d/b/a/ Grady Health System*, Northern District of Georgia Civil Action No. 1:12-cv-0035-MHS (the "Lawsuit"), alleging *inter alia*, violations of the Federal wage and hour laws; and

WHEREAS, Ms. Williams does not believe she has a factual basis for any other employment related claims against Grady; and

WHEREAS, Grady denies all of Ms. Williams' claims; and

WHEREAS, Ms. Williams and Grady desire to settle the Lawsuit and their disputes in accordance with the terms and conditions of this Agreement, pending the Court's approval; and

WHEREAS, Ms. Williams and Grady jointly seek the Court's approval of this settlement agreement;

NOW, THEREFORE, in consideration of the mutual covenants, agreements, and undertakings stated in this Agreement, and other good and valuable consideration, the sufficiency of which is hereby acknowledged, the parties, on behalf of themselves, their heirs,

representatives, attorneys, insurers, respective officers, directors, shareholders, agents, employees, successors, and assigns, agree as follows:

1. **Resignation and Lawsuit Dismissal.** Ms. Williams agrees that contemporaneously with the Court's approval of this agreement she will resign her employment with Grady.

2. **No Future Employment.** Ms. Williams has no desire to seek any future employment opportunities with Grady and agrees she will not apply for future employment with Grady.

3. **Settlement Payment.** Grady agrees that within ten (10) business days after the court's approval of this agreement, Grady will deliver to Ms. Williams' attorney, Elizabeth Ann Morgan, payment to Ms. Williams and her counsel the sum of TWO-HUNDRED THOUSAND DOLLARS AND NO CENTS ($200,000.00) ("Settlement Payment") payable as follows:

    (a)   A check payable to Ms. Williams in the gross amount of SEVENTY FIVE THOUSAND DOLLARS AND NO CENTS ($75,000.00) for overtime, plus payment for all benefits Ms. Williams has accrued, less any applicable taxes and withholdings, for which Grady will issue a W-2 Form to Ms. Williams; and

    (b)   A check payable to The Morgan Law Firm P.C. in the amount of ONE-HUNDRED TWENTY FIVE THOUSAND DOLLARS AND NO CENTS ($125,000.00) for attorneys' fees and expenses incurred on behalf of Ms. Williams, for which Grady will issue a 1099 Form to The Morgan Law Firm P.C.

The Settlement Payment is in full satisfaction of all claims of Ms. Williams, asserted or unasserted, against Grady.

4. **Dismissal with Prejudice.** Within 5 days of receipt of payment, Ms. Williams shall dismiss the Lawsuit with Prejudice.

5. **Confidentiality Agreement.** The Parties agree, excepting communications with their legal or financial advisors, if asked about this settlement or Agreement, they shall state only that the dispute was resolved to the mutual satisfaction of the parties and it is a matter of public record.

6. **Mutual Release.** Upon the receipt of payment, both Parties release each other from all claims, counterclaims, causes of actions, suits, demands of any kind, whether known, unforeseen, unanticipated or latent arising from Ms. Williams' employment by Grady from the beginning of time until the execution of this Agreement. This release includes, but is not limited to, any claims that have been asserted or could have been asserted for back pay, reinstatement, personal injuries, breach of contract (express or implied), breach of any covenant of good faith and fair dealing (express or implied), or defamation based on any alleged violation of Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*; or any other federal, state, or local law or regulation regarding minimum wages, maximum hours, overtime, or overtime premium pay; 42 U.S.C. § 1981 (prohibiting racial discrimination in contracting); Title VII (prohibiting discrimination on account of race, sex, color, national origin or religion); the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* (prohibiting discrimination on account of age); the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* (prohibiting discrimination on account of disabilities); the Genetic Information

Nondiscrimination Act, 29 U.S.C. § 216 *et seq.;* the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.*; the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.*; the Georgia Equal Employment for Persons with Disabilities Code, O.C.G.A. §§ 34-6A-1 to 34-6A-6 (prohibiting discrimination on account of disability); the Georgia Sex Discrimination in Employment Act, O.C.G.A. §§ 34-5-1 to 34-5-7; or any other federal, state, or local statutory or common law. This Agreement does not release claims that may arise after the date the Parties sign.

7. **Assistance to the Court.** Because this Action arises under the Fair Labor Standards Act, the Parties acknowledge that this Agreement must be approved by the Court. The Parties and their Counsel have agreed to work with the Court to obtain approval of this Agreement.

8. **Governing Law.** The Parties agree and stipulate that this Agreement shall be governed and determined under the laws of the State of Georgia.

9. **Entire Agreement.** The Parties agree and stipulate that this Agreement shall be the parties' sole agreement and it supersedes any prior agreement, whether written or oral, among the parties.

10. **Modifications in Writing.** The Parties agree and stipulate that any amendment to this Agreement may be made only by a writing executed by the parties.

11. **Mutual Non-Disparagement Agreement.** The parties agree that they will not do or say anything which criticizes or disparages the other party.

12. **Neutral Employment Reference.** Ms. Williams agrees to direct potential employers wishing to verify her employment with Grady to contact Grady's

Human Resources Department, who will verify her positions and dates of employment.

13. **Counterparts.** This Agreement may be executed in any number of counterparts, which counterparts, considered together shall constitute a single, binding, valid and enforceable Agreement. The exchange of copies of this Agreement and of signature pages by facsimile transmission or by electronic mail as a .pdf file shall constitute effective execution and delivery of this Agreement as to the parties and may be used in lieu of the original Agreement for all purposes. Signatures of the parties transmitted by facsimile or by electronic mail as a .pdf shall be deemed to be their original signatures for all purposes.

**[Remainder of page intentionally left blank. Signatures appear on following page.]**

IN WITNESS WHEREOF, CLARA WILLIAMS AND GRADY MEMORIAL HOSPITAL CORPORATION has caused this Settlement and Release Agreement to be executed as of the dates indicated below.

_/s/ Clara Williams_
Clara Williams

Date: __2/27/14__

GRADY MEMORIAL HOSPITAL
CORPORATION

By: _____

Title: _____

Date: _____

IN WITNESS WHEREOF, CLARA WILLIAMS AND GRADY MEMORIAL HOSPITAL CORPORATION has caused this Settlement and Release Agreement to be executed as of the dates indicated below.

_____

Clara Williams

Date: _____

GRADY MEMORIAL HOSPITAL
CORPORATION

By: *[signature]*

Title: Executive V.P. Legal Affairs

Date: March 5, 2014